## WEEKLY REPORT OF
## SUPREME COURT PROCEEDINGS
### Tuesday, April 15, 1924

### NEW CASES DECIDED

### INDEX TO CASES
#### Cases Decided—General Docket

Dague v. Indus. Com..................... 18313
Forest City Invt. Co. v. Haas............ 18214
Klein v. Lust et...................... 18169
N. Y. C. & St. L. Ry. v. Beirmacher........ 18127
Neckel v. Fox.......................... 18047
Ohio Crane Co. v. Hicks.................. 18165
State ex v. Industrial Com............... 18235
State ex v. Sherman, Aud................. 18307
State ex v. Poor ....................... 18176
Western Union Tel. v. Edminston........ 17954

#### GENERAL DOCKET

17954—The Western Union Telegraph Co. v. E. E. Edmiston; error to the Court of Appeals of Gallia county. Judgment reversed. Robinson, Jones, Matthias and Day, JJ., concur. Wanamaker, J., not participating.

18074—Maud Neckel v. Alice Fox; error to the Court of Appeals of Hamilton county. Judgment reversed. Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.

18127—The N. Y. C. & St. L. R. R. Co. v. Christian Biermacher; error to the Court of Appeals of Cuyahoga county. Judgment reversed. Marshall, C. J., Robinson, Jones, Matthias and Day, concur. Wanamaker, J., not participating.

18165—The Ohio Crane Co. v. George B. Hicks; error to the Court of Appeals of Crawford county. Judgment affirmed. Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.

18169—Lawrence A. Klein et al v. Jesse M. Lust et al; certified by the Court of Appeals of Franklin county. Judgment affirmed. Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.

18176—The State ex rel Crabbe, Attorney General, v George T. Poor; in Quo Warranto. Demurrer to petition sustained and petition dismissed. Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.

18214—Forest City Investment Co. v. Rosa Haas; error to the Court of Appeals of Cuyahoga county. Judgment ajrmed. Marshall, C. J., Robinson, Jones, Matthias and Day, JJ., concur. Wanamaker and Allen, JJ., not participating.

18235—The State, ex rel Alfred Grant v. The Industrial Commission of Ohio. In Mandamus. Motion by defendant for judgment on the pleadings. Sustained. Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.

18307—The State ex rel Vernon M. Riegel, as Director of Education, v. Lemuel P. Sherman, as Auditor of Union County, Ohio. In Mandamus. Dismissed at costs of relator.

18313—Edward Dague v. The Industrial Commission of Ohio. In Mandamus. Alternative writ denied on ground that petition does not state facts sufficient to constitute a cause of action. Marshall, Day and Allen, JJ., concur. Wanamaker, J., not participating.

#### MOTION DOCKET

18235—State ex rel Alfred Grant v. Industrial Commission of Ohio. Motion by plaintiff to require Industrial Commission to file medical report. Overruled.
Docketed Dec. 3, 1923.

18247—Henrietta Cone Marsh v. Board of County Commissioners of Huron county. Motion for an order directing the Court of Appeals of Huron county to certify its record. Overruled.
Docketed Dec. 12, 1923.

## SYLLABI OF CASES
## DECIDED LAST WEEK

No. 18127—The New York, Chicago & St. Louis Railroad Company v. Christian Biermacher. Error to the Court of Appeals of Cuyahoga county.

327. COURTS—State courts governed by U. S. Supreme decisions, under Federal Employers' Liability Act—Res ipsa loquitur does not apply in cases under such act—Assumption of risk cases.

480. EVIDENCE—In depositions—Part of not offered not separated, court may refuse to send to jury.

ROBINSON, J.

1. When an action is brought in a state court, under the Federal Eemployers' Liability Act, the state court is governed not only by the interpretation given the act by the Supreme Court of the United States, but also by that court's interpretation of the application of common-law principles thereto.

2. The Supreme Court of the United States has decided that the doctrine res ipsa loquitur does not apply in the trial of cases between servant and master, arising under the Federal Employers' Liability Act.

3. The Supreme Court of the United States has decided that an employe under the Federal Employers' Liability Act "assumes" . . . risks due to negligence of employer and fellow employes when obvious or fully known and appreciated by him."

4. Where a deposition contained evidence which was not offered or admitted in the trial of the case, and which was not separated from the evidence therein which was offered and admitted, it was not error for the court in the exercise of its discretion to refuse to send it to the jury for use in its deliberations. (Stites v. Admr. of McKibben, 2 Ohio St., 588, approved and followed.)

Judgment reversed.

Marshall, C. J., Jones, Matthias and Day, JJ., concur. Wanamaker, J., not participating.

---

No. 309
No. 17954—The Western Union Telegraph Co. v. E. E. Edminston. Error to the Court of Appeals of Gallia County.

1163. TELEGRAH COMPANIES—Defense of clause in message exempting them from certain damages, sustained—Exception when valued rates paid.

MATTHIAS, J.

1. In an action to recover damages claimed to have resulted from the negligence of a telegraph company in the transmission of a message, a demurrer to an answer which set up as a defense a contract exempting the company from liability "for mistakes or delays in the transmission or delivery or for non-delivery of any unrepeated message beyond the amount received for sending the same," was properly sustained.

2. But where the sender of a message enters into a contract wherein the value thereof is stipulated, and the rate charged and paid is

## OHIO SUPREME COURT—Continued

based upon such valuation, recovery for loss or damage will be limited to the amount of the valuation named.

Judgment reversed.

Robinson, Jones and Day, JJ., concur. Wanamaker, J., not participating.